IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **LISA ROBINSON** ) | |
| ) | No. |
| Plaintiff, ) | |
| ) | |
| vs. ) | **JURY DEMAND** |
| ) | |
| **CITY OF DANVILLE**, a municipal body; ) | |
| **SCOTT EISENHAUER**, in his individual and ) | |
| official capacity; **DAVID SCHNELLE**, in ) | |
| his individual and official capacity; **RICKEY** ) | |
| **WILLIAMS,** in his individual and official ) | |
| Capacity, and **LARRY THOMASON** his ) | |
| individual and official capacity ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Lisa Robinson (Plaintiff), through her attorneys, KULWIN, MASCIOPINTO & KULWIN, L.L.P., states her complaint against defendants City of Danville (Danville), former Danville Mayor Scott Eisenhauer (Mayor Eisenhauer), Director David Schnelle (Director Schnelle), current Danville Mayor Ricky Williams (Mayor Williams) and Director Larry Thomason (Director Thomason).

### Nature of the Action

1. On February 27, 2018, after over 20 years of service working for the City of Danville, Plaintiff was terminated from her job as an administrative assistant in the Department of Engineering and Urban Services (EUS). Mayor Eisenhauer and EUS Director Schnelle fired Plaintiff for pretextual reasons that did not justify termination. In reality, Plaintiff was fired for unlawful discriminatory and retaliatory reasons.

1

2. In October 2018, an Arbitrator ordered Danville to reinstate Plaintiff with back pay and benefits. Plaintiff was then assigned to work for Director Thomason in the Department of Public Safety.

3. Since returning to work, and after successfully pursuing and vindicating her rights, Plaintiff was again subjected to retaliation for engaging in protected activity. Plaintiff reported Director Thomason's retaliation directly to Mayor Williams who, for many months, permitted and enabled the retaliation to occur by ignoring, disregarding and taking no action to protect Plaintiff or stop the retaliation, among other ways.

4. This action is brought to vindicate Plaintiff's constitutional rights guaranteed under 42 U.S.C. § 1983 and Plaintiff's civil rights guaranteed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2200e, and the Age Discrimination in Employment Act, 29 U.S.C. § 621.

5. As alleged herein, Defendants willfully took adverse employment actions against Plaintiff for unlawful reasons, including to retaliate against her for reporting and opposing unlawful harassment and discrimination and for successfully pursuing and vindicating her legal rights after she was wrongfully terminated.

6. Defendants provided false and pretextual reasons for retaliating against Plaintiff. Defendants deviated from stated City policies in discriminating and retaliating against Plaintiff. Defendants treated less experienced and less qualified employees outside of the protected classes better than Plaintiff.

7. The complaint seeks injunctive and equitable relief to prevent Defendants, or others, from discriminating or retaliating against Danville employees in the future

8. The complaint also seeks an award of actual, compensatory, statutory and punitive damages arising from Defendants' unlawful conduct, including an award for reasonable costs, fees and expenses.

## Parties, Jurisdiction and Venue

9. Plaintiff resides in this judicial district. Plaintiff is Black and over 40.

10. Plaintiff has worked for the City of Danville since September 1994.

11. Defendant City of Danville (Danville) is a municipal body incorporated under the laws of the State of Illinois.

12. Danville is sued as Plaintiff's employer, as indemnitor and for injunctive and equitable relief for which there is no immunity.

13. Defendant Mayor Scott Eisenhauer (Mayor Eisenhauer) is sued in his individual and official capacity. Mayor Eisenhauer was the elected Mayor of Danville during the relevant time period through November 2018.

14. During the relevant time period, Mayor Eisenhauer had final policy making authority and/or was delegated with final policy making authority as the Mayor.

15. Mayor Eisenhauer acted under color of law.

16. Defendant Mayor Ricky Williams (Mayor Williams) is sued in his individual and official capacity. In November 2018, Mayor Williams became the Acting Mayor of Danville and, subsequently, was elected the Mayor of Danville.

17. During the relevant time period, Mayor Williams had final policy making authority and/or was delegated with final policy making authority as the Mayor.

18. Mayor Williams acted under color of law.

19. Defendant Director David Schnelle (Director Schnelle) is sued in his individual and official capacity. Director Schnelle served as the Director of the Engineering and Urban Services Department during the relevant time period.

20. Director Schnelle has final policy making authority and/or was delegated with final policy making authority.

21. Director Schnelle acted under color of law.

22. Defendant Public Safety Director Larry Thomason (Director Thomason) is sued in his individual and official capacity. Director Thomason served as the Director of Public Safety during the relevant time period.

23. Director Thomason has final policy making authority and/or was delegated with final policy making authority.

24. Director Thomason acted under color of law.

25. This Court has jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343 & 1367.

26. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because the events giving rise to Plaintiffs' claims occurred within this judicial district.

27. The complaint is filed subsequent to the timely filing Charges of Discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, attached as Exhibit 1 and incorporated herein by reference.

28. The complaint is filed pursuant to the Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirement, attached as Exhibit 2 and incorporated herein by reference.

**Facts Common to All Claims**

29. For over 20 years, Plaintiff worked as a loyal and dedicated employee for Danville. From 1994-2007, Plaintiff worked in the Police Department as a Transcriptionist and Staff Service Clerk.

30. From 2007-2014, Plaintiff worked as an administrative assistant for the Fire Department.

31. In 2014, Plaintiff's position in the Fire Department was eliminated and Plaintiff was transferred to an administrative assistant position in the Department of Engineering and Urban Services (EUS) working for Director Schnelle.

32. At the time, the EUS had approximately 20 professional staff working in urban planning, engineering, and building safety, among other things.

33. Plaintiff replaced substantially younger white female employees who previously filled administrative functions for the EUS.

34. Plaintiff was the only Black employee in the EUS and the only Black administrative assistant working for Danville.

35. Plaintiff met or exceeded Defendants' legitimate employment expectations.

36. After the transfer, Director Schnelle, on a near-daily basis, subjected Plaintiff to a targeted campaign of unlawful discrimination and harassment based on her race (Black) and age.

37. Plaintiff was told Director Schnelle "has it out for her" and that she was "on his bad side." Plaintiff was also told that Director Schnelle had the power and authority to get his way in the Department.

38. In 2016, Plaintiff began to engage in protected activity by reporting that she reasonably believed she was being subjected to unlawful discrimination and harassment based on her race (Black) and her age and by opposing discrimination and harassment.

39. Since then, on several occasions, Plaintiff engaged in protected activity, among other ways, by reporting what she reasonably believed was unlawful harassment and discrimination based on her race (Black) and her age to Danville's Human Resources department, Danville's Human Relations department the EEOC and the IDHR. Plaintiff first reported to the EEOC and IDHR in or around March 2017.

40. Specifically, Plaintiff was subjected to materially different terms and conditions of employment based on her race and/or age, including but not limited to, having some of her job duties removed; not being given information necessary to perform her job duties; not being talked to, and having her requests for time off denied. In addition, Plaintiff was suspended for unjustified reasons.

41. Director Schnelle also preferred to have his administrative work performed by an assistant outside the EUS. Director Schnelle's preferred assistant was less experienced and less qualified than Plaintiff and outside of the protected classes in that she was, among other things, not Black and substantially younger than Plaintiff.

42. Plaintiff repeatedly complained to Danville about the different terms and conditions of her employment to no avail.

43. Since filing Charges of Discrimination, Plaintiff was further subjected to different terms and conditions of employment, including being directed not to seek assistance from or communicate with any employees and being disciplined unjustifiably.

44. On February 27, 2018, Mayor Eisenhauer and Director Schnelle met, conferred and decided to terminate Plaintiff based on her alleged "misconduct" at work.

45. In terminating Plaintiff, Defendants departed and deviated substantially from stated City policies and the Collective Bargaining Agreement.

46. The reasons given by Mayor Eisenhauer and Director Schnelle for terminating Plaintiff were pretexts for unlawful discrimination and retaliation.

47. Mayor Eisenhauer and Director Schnelle did not honestly believe the reasons they gave for terminating Plaintiff.

48. On or about October 10, 2018, an Arbitrator ruled there were no reasonable grounds for termination and Danville was ordered to reinstate Plaintiff.

49. On or about October 22, 2018, Plaintiff was reinstated to the Danville Police Department reporting to Director Thomason.

50. Since she returned to work, Director Thomason subjected Plaintiff to further retaliation by, among other ways, setting her up to fail and making it impossible for her to succeed by refusing to communicate with her in material ways, refusing to provide her with a job description so she would know what was expected, denying her access to files and folders and failing to provide training, among other ways.

51. In November 2018, Mayor Eisenhauer resigned and Mayor Williams became the Acting Mayor.

52. Plaintiff reported Director Thomason's retaliation directly to Acting Mayor Williams who, for months, permitted and enabled the retaliation to continue by ignoring, disregarding and taking no action to protect Plaintiff or stop her from being subjected to retaliation, among other ways.

53. In April 2019, Director Schnelle resigned. Director Thomason also ultimately resigned.

54. On or about September 17, 2019, the EEOC issued a reasonable cause determination stating that the evidence obtained in the investigation establishes reasonable cause to believe that Danville discriminated against Plaintiff because of her race, Black, by subjecting her to harassment and different terms and conditions of employment, and in retaliation for engaging in protected activity by further subjecting her to different terms and conditions of employment, and by disciplining and discharging her, in violation of Title VII.

55. The actions of each and all Defendants in intentionally engaging in and condoning the discrimination and retaliation against Plaintiff caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other damages.

## Count I
### (Violation of Title VII of the Civil Rights Act of 1964)

1-55. Plaintiff incorporates by reference paragraphs 1-55 as if fully stated herein.

56. In direct violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2200e, *et seq.*, Danville engaged in the discriminatory acts alleged herein and arising out of, and related to, the Charges of Discrimination attached as Exhibit 1.

57. As a result of Danville's discriminatory conduct, Plaintiff suffered injury to her career, as well as other injuries for which she is entitled to actual and compensatory damages, as well as equitable relief including front pay.

58. Danville's discriminatory conduct was done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff requests the Court:

A. Declare that Danville intentionally violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*;

B. Declare that Danville engaged in a policy, custom, or practice that deprived Plaintiff of rights protected by Title VII;

C. Order Danville to adopt and implement policies, procedures, and practices that will curtail and eliminate discrimination and harassment based on race;

D. Appoint an independent monitor to oversee Danville's adoption and implementation of the required policies, practices and procedures and report to the Court;

E. Award Plaintiff actual and compensatory damages;

F. Award Plaintiff lost back pay, front pay and benefits;

G.     Order Danville to pay Plaintiffs' reasonable attorney's fees and expenses, including expert costs; and

H.     Order all other appropriate relief as the interests of justice may require.

## Count II
### (Violation of Title VII of the Civil Rights Act of 1964 - Retaliation)

1-58.   Plaintiff incorporates by reference paragraphs 1-58 as if fully stated herein.

59.     Based upon, the foregoing facts, as well as others, Plaintiff was subjected to unlawful employment actions in retaliation for engaging in protected activity by, among other ways, reporting and/or opposing unlawful race discrimination and harassment.

60.     In direct violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2200e, *et seq.*, Danville retaliated against Plaintiff for engaging in protected activity by, among other ways, reporting and/or opposing unlawful race discrimination and harassment.

61.     As a result of Danville's retaliatory conduct, Plaintiff has suffered injury to her career, as well as other injuries for which she is entitled to actual and compensatory damages, as well as equitable relief including front pay.

62.     Danville's discriminatory conduct was done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff requests the Court:

A.     Declare that Danville retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*;

B.     Declare that Danville engaged in a policy, custom, or practice that deprived Plaintiff of rights protected by Title VII;

C. Order Danville to adopt and implement policies, procedures, and practices that will curtail and eliminate retaliation for protected activity;

D. Appoint an independent monitor to oversee Danville's adoption and implementation of the required policies, practices and procedures and report to the Court;

E. Award Plaintiff actual and compensatory damages;

F. Award Plaintiff lost back pay, front pay and benefits;

G. Order Danville to pay Plaintiffs' reasonable attorney's fees and expenses, including expert costs; and

H. Order all other appropriate relief as the interests of justice may require.

## Count III
### (42 U.S.C. § 1983 – First Amendment Retaliation)

1-62. Plaintiff incorporates by reference paragraphs 1-62 as if fully stated herein against all Defendants.

63. The First and Fourteenth Amendments of the United States Constitution protect public employees from retaliation.

64. During the relevant time period, Plaintiff engaged in First Amendment protected activity, among other ways, by speaking out as a citizen on matters of public concern that Defendants opposed.

65. During the relevant time period, Defendants intentionally retaliated against Plaintiff for engaging in First Amendment protected activity.

66. The actions of each and all Defendants reflect an official act, policy, custom, or pattern of official conduct of engaging in and condoning retaliation.

67. During the relevant time period, Mayor Eisenhauer was a final policymaker for Danville and had final policy making authority.

68. During the relevant time period, Mayor Eisenhauer delegated to Director Schnelle and Director Thomason final policymaking authority as it relates to the conduct alleged herein.

69. During the relevant time period, Mayor Williams was a final policymaker for Danville and had final policy making authority.

70. During the relevant time period, Mayor Williams delegated to Director Thomason final policymaking authority as it relates to the conduct alleged herein.

71. Defendants are responsible for the acts of their staff, who were acting within the scope of their employment, and pursuant to a policy, custom, and/or practice of retaliation and violations of individuals' rights under the Fourteenth Amendment to the Constitution of the United States.

72. Defendants' conduct was pursuant to a policy and practice of retaliation by its employees and supervisors and with the knowledge and acquiescence of Defendants, Defendants' staff, and Defendants' supervisory officials.

73. Each and all Defendants knew and should have known that Plaintiff was being subjected to retaliation for engaging in protected activity.

74. Despite this, Defendants failed to take any effective remedial action, and turned a blind eye to the retaliation.

75. Each and all Defendants' action violated Plaintiff's right to be free from retaliation under the First and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

76. Each and all Defendants subjected Plaintiff to unlawful retaliatory acts in violation of her rights under the United States Constitution.

77. The actions of each and all Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff requests the Court:

A. Declare that Defendants violated Plaintiff's First Amendment rights;

B. Declare that Danville engaged in a policy, custom, or practice that deprived Plaintiff of rights protected by the United States Constitution;

C. Order Danville to adopt and implement policies, procedures, and practices that will curtail and eliminate retaliation for protected First Amendment activity;

D. Appoint an independent monitor to oversee Danville's adoption and implementation of the required policies, practices and procedures and report to the Court;

E. Award Plaintiff actual and compensatory damages;

F. Award Plaintiff lost back pay, front pay and benefits;

G. Award punitive damages against the individual defendants;

H. Order Defendants to pay Plaintiffs' reasonable attorney's fees and expenses, including expert costs; and

I. Order all other appropriate relief as the interests of justice may require.

## Count IV
### (42 U.S.C. § 1983 Equal Protection – Race Discrimination)

78. Plaintiff incorporates by reference paragraphs 1-77 as if fully stated herein against all Defendants.

79. Each and all Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment on the basis of her race and by knowingly refusing to protect her from the discrimination.

80. The actions of each and all Defendants reflect a policy, custom, or pattern of official conduct of engaging in and condoning discrimination on the basis of race.

81. Each and all Defendants knew and should have known that Plaintiff was being subjected to discrimination on the basis of her race. Despite this, they failed to take any effective remedial action, and turned a blind eye to the discrimination.

82. Each and all Defendants' actions violated Plaintiff's equal protection right to be free from racial discrimination under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

83. Each and all Defendants subjected Plaintiff to an unlawful and discriminatory treatment in violation of her equal protection rights under the United States Constitution.

84. The actions of each and all Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff requests the Court:

A. Declare that Defendants violated Plaintiff's equal protection rights;

B. Declare that Danville engaged in a policy, custom, or practice that deprived Plaintiff of equal rights protected by the United States Constitution;

C. Order Danville to adopt and implement policies, procedures, and practices that will curtail and eliminate equal protection violations;

D. Appoint an independent monitor to oversee Danville's adoption and implementation of the required policies, practices and procedures and report to the Court;

E. Award Plaintiff actual and compensatory damages;

F. Award Plaintiff lost back pay, front pay and benefits;

G. Award punitive damages against the individual defendants;

H. Order Defendants to pay Plaintiffs' reasonable attorney's fees and expenses, including expert costs; and

I. Order all other appropriate relief as the interests of justice may require.

## Count V
### (Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621)

85. Plaintiff incorporates by reference paragraphs 1-84 as if fully stated herein against Danville.

86. Plaintiff brings this claim pursuant to Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.*, ("ADEA").

87. During the relevant time period, Plaintiff was a person protected by the provisions of the ADEA.

88. During the relevant time period, Danville operated and did business within the venue and jurisdiction of this judicial circuit and is an employer under the ADEA.

89. In direct violation of the ADEA, Danville engaged in the discriminatory acts alleged herein and described in the Charges of Discrimination attached as Exhibit 1.

90. As a result of Danville's discriminatory conduct, Plaintiff has suffered injury to her career as well as other injuries for which she is entitled to damages and equitable relief including front pay.

91. Danville's discriminatory conduct, was done intentionally with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff requests the Court:

A. Declare that Danville intentionally violated the ADEA;

B. Declare that Danville engaged in a policy, custom, or practice that deprived Plaintiff of rights protected by the ADEA;

C. Order Danville to adopt and implement policies, procedures, and practices that will curtail age discrimination;

D. Appoint an independent monitor to oversee Danville's adoption and implementation of the required policies, practices and procedures and report to the Court;

E. Award Plaintiff actual and compensatory damages;

F. Award Plaintiff lost back pay, front pay and benefits;

G. Order Danville to pay Plaintiffs' reasonable attorney's fees and expenses, including expert costs; and

H. Order all other appropriate relief as the interests of justice may require.

## Count VI
### (Violation of the Age Discrimination in Employment Act - Retaliation)

1-91. Plaintiff incorporates by reference paragraphs 1-91 as if fully stated herein.

92. Based upon, the foregoing facts, as well as others, Plaintiff was subjected to unlawful employment actions in retaliation for engaging in protected activity by, among other ways, reporting and/or opposing unlawful age discrimination at work.

93. In direct violation of the ADEA, Danville retaliated against Plaintiff for engaging in protected activity by, among other ways, reporting and/or opposing unlawful age discrimination.

94. As a result of Danville's retaliatory conduct, Plaintiff has suffered injury to her career, as well as other injuries for which she is entitled to damages and equitable relief, including front pay.

95. Danville's discriminatory conduct was done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff requests the Court:

A. Declare that Danville intentionally violated the ADEA;

B. Declare that Danville engaged in a policy, custom, or practice that deprived Plaintiff of rights protected by the ADEA;

C. Order Danville to adopt and implement policies, procedures, and practices that will curtail retaliation for reporting and opposing age discrimination;

D. Appoint an independent monitor to oversee Danville's adoption and implementation of the required policies, practices and procedures and report to the Court;

  E.  Award Plaintiff actual and compensatory damages;

  F.  Award Plaintiff lost back pay, front pay and benefits;

  G.  Order Danville to pay Plaintiffs' reasonable attorney's fees and expenses, including expert costs; and

  H.  Order all other appropriate relief as the interests of justice may require.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

       Respectfully submitted,

       /s/ Jeffrey R. Kulwin

Jeffrey R. Kulwin  
KULWIN, MASCIOPINTO & KULWIN, L.L.P.  
161 N. Clark, Suite 2500  
Chicago, IL 60601  
312-641-0300