E-FILED
Monday, 27 April, 2020  12:13:20 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| LISA ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-CV-02046-CSB-EIL |
| | ) | |
| CITY OF DANVILLE, a municipal body, | ) | |
| SCOTT EISENHAUER, in his individual and | ) | |
| official capacity, DAVID SCHNELLE, in his | ) | |
| individual and official capacity, RICKEY | ) | |
| WILLIAMS, in his individual and official | ) | |
| capacity, and LARRY THOMASON, in his | ) | |
| individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CITY OF DANVILLE, SCOTT EISENHAUER, ROBERT DAVID**
**SCHNELLE, RICKEY WILLIAMS, and LARRY THOMASON ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants City of Danville, Scott Eisenhauer, Robert David Schnelle, Rickey

Williams, and Larry Thomason, by their attorney, Julie A. Bruch, for their answer and

affirmative defenses to plaintiff's complaint, state as follows:

**Nature of the Action**

1.      On February 27, 2018, after over 20 years of service working for the City

of Danville, Plaintiff was terminated from her job as an administrative assistant in

the Department of Engineering and Urban Services (EUS).  Mayor Eisenhauer and

EUS Director Schnelle fired Plaintiff for pretextual reasons that did not justify

termination.  In reality, Plaintiff was fired for unlawful discriminatory and retaliatory

reasons.

**ANSWER:**      The first sentence is admitted. The remaining allegations are denied.

2.      In October 2018, an Arbitrator ordered Danville to reinstate Plaintiff with back pay and benefits. Plaintiff was then assigned to work for Director Thomason in the Department of Public Safety.

**ANSWER:**   Admitted.

3.      Since returning to work, and after successfully pursuing and vindicating her rights, Plaintiff was again subjected to retaliation for engaging in protected activity. Plaintiff reported Director Thomason's retaliation directly to Mayor Williams who, for many months, permitted and enabled the retaliation to occur by ignoring, disregarding and taking no action to protect Plaintiff or stop the retaliation, among other ways.

**ANSWER:**   Defendants admit that plaintiff complained to Mayor Williams about retaliation. The remaining allegations are denied.

4.      This action is brought to vindicate Plaintiffs constitutional rights guaranteed under 42 U.S.C. § 1983 and Plaintiffs civil rights guaranteed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2200e, and the Age Discrimination in Employment Act, 29 U.S.C. § 621.

**ANSWER:**   Defendants admit that plaintiff has brought this action pursuant to the statutes cited, but deny violating same.

5.      As alleged herein, Defendants willfully took adverse employment actions against Plaintiff for unlawful reasons, including to retaliate against her for reporting and opposing unlawful harassment and discrimination and for successfully pursuing and vindicating her legal rights after she was wrongfully terminated.

**ANSWER:**  Denied.

6.  Defendants provided false and pretextual reasons for retaliating against Plaintiff.  Defendants deviated from stated City policies in discriminating and retaliating against Plaintiff.  Defendants treated less experienced and less qualified employees outside of the protected classes better than Plaintiff.

**ANSWER:**  Denied.

7.  The complaint seeks injunctive and equitable relief to prevent Defendants, or others, from discriminating or retaliating against Danville employees in the future.

**ANSWER:**  Defendants admit that plaintiff seeks such relief but deny that she is entitled to same.

8.  The complaint also seeks an award of actual, compensatory, statutory and punitive damages arising from Defendants' unlawful conduct, including an award for reasonable costs, fees and expenses.

**ANSWER:**  Defendants admit that plaintiff seeks such relief but deny that she is entitled to same.

### Parties, Jurisdiction and Venue

9.  Plaintiff resides in this judicial district.  Plaintiff is Black and over 40.

**ANSWER:**  Admitted.

10.  Plaintiff has worked for the City of Danville since September 1994.

**ANSWER:**  Admitted.

11.  Defendant City of Danville (Danville) is a municipal body

incorporated under the laws of the State of Illinois.

**ANSWER:**   Admitted.

12.   Danville is sued as Plaintiffs employer, as indemnitor and for injunctive and equitable relief for which there is no immunity.

**ANSWER:**   Defendants admit that Danville is plaintiff's employer but deny that she is entitled to the relief she seeks.

13.   Defendant Mayor Scott Eisenhauer (Mayor Eisenhauer) is sued in his individual and official capacity. Mayor Eisenhauer was the elected Mayor of Danville during the relevant time period through November 2018.

**ANSWER:**   Defendants admit the allegations in paragraph 13 but deny that he violated plaintiff's rights as alleged.

14.   During the relevant time period, Mayor Eisenhauer had final policy making authority and/or was delegated with final policy making authority as the Mayor.

**ANSWER:**   Denied.

15.   Mayor Eisenhauer acted under color of law.

**ANSWER:**   Admitted.

16.   Defendant Mayor Ricky Williams (Mayor Williams) is sued in his individual and official capacity. In November 2018, Mayor Williams became the Acting Mayor of Danville and, subsequently, was elected the Mayor of Danville.

**ANSWER:**   Defendants admit the allegations in paragraph 16 but deny that he violated plaintiff's rights as alleged.

17.     During the relevant time period, Mayor Williams had final policy making authority and/or was delegated with final policy making authority as the Mayor.

**ANSWER:**   Denied.

18.     Mayor Williams acted under color of law.

**ANSWER:**   Admitted.

19.     Defendant Director David Schnelle (Director Schnelle) is sued in his individual and official capacity. Director Schnelle served as the Director of the Engineering and Urban Services Department during the relevant time period.

**ANSWER:**   Defendants admit the allegations in paragraph 19 but deny that he violated plaintiff's rights as alleged.

20.     Director Schnelle has final policy making authority and/or was delegated with final policy making authority.

**ANSWER:**   Denied.

21.     Director Schnelle acted under color of law.

**ANSWER:**   Admitted.

22.     Defendant Public Safety Director Larry Thomason (Director Thomason) is sued in his individual and official capacity. Director Thomason served as the Director of Public Safety during the relevant time period.

**ANSWER:**   Defendants admit the allegations in paragraph 22 but deny that he violated plaintiff's rights as alleged.

23.     Director Thomason has final policy making authority and/or was

delegated with final policy making authority.

**ANSWER:**     Denied.

24.     Director Thomason acted under color of law.

**ANSWER:**     Admitted.

25.     This Court has jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343 & 1367.

**ANSWER:**     Admitted.

26.     Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because the events giving rise to Plaintiffs' claims occurred within this judicial district.

**ANSWER:**     Admitted.

27.     The complaint is filed subsequent to the timely filing Charges of Discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, attached as Exhibit 1 and incorporated herein by reference.

**ANSWER:**     Admitted.

28.     The complaint is filed pursuant to the Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirement, attached as Exhibit 2 and incorporated herein by reference.

**ANSWER:**     Admitted.

### Facts Common to All Claims

29.     For over 20 years, Plaintiff worked as a loyal and dedicated employee for Danville.    From 1994-2007, Plaintiff worked in the Police Department as a

Transcriptionist and Staff Service Clerk.

**ANSWER:**    Defendants admit that plaintiff worked for the City for over 20 years and from 1994-2007 she worked in the Police Department as a Transcriptionist and Staff Service Clerk. The remaining allegations are denied.

30.    From 2007-2014, Plaintiff worked as an administrative assistant for the Fire Department.

**ANSWER:**    Admitted.

31.    In 2014, Plaintiff's position in the Fire Department was eliminated and Plaintiff was transferred to an administrative assistant position in the Department of Engineering and Urban Services (EUS) working for Director Schnelle.

**ANSWER:**    Admitted.

32.    At the time, the EUS had approximately 20 professional staff working in urban planning, engineering, and building safety, among other things.

**ANSWER:**    Denied.

33.    Plaintiff replaced substantially younger white female employees who previously filled administrative functions for the EUS.

**ANSWER:**    Denied.

34.    Plaintiff was the only Black employee in the EUS and the only Black administrative assistant working for Danville.

**ANSWER:**    Defendants admit that plaintiff was the only black administrative assistant working for the City. The remaining allegations are denied.

35.    Plaintiff met or exceeded Defendants' legitimate employment expectations.

7

**ANSWER:**  Denied.

36.  After the transfer, Director Schnelle, on a near-daily basis, subjected Plaintiff to a targeted campaign of unlawful discrimination and harassment based on her race (Black) and age.

**ANSWER:**  Denied.

37.  Plaintiff was told Director Schnelle "has it out for her" and that she was "on his bad side."  Plaintiff was also told that Director Schnelle had the power and authority to get his way in the Department.

**ANSWER:**  Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38.  In 2016, Plaintiff began to engage in protected activity by reporting that she reasonably believed she was being subjected to unlawful discrimination and harassment based on her race (Black) and her age and by opposing discrimination and harassment.

**ANSWER:**  Denied.

39.  Since then, on several occasions, Plaintiff engaged in protected activity, among other ways, by reporting what she reasonably believed was unlawful harassment and discrimination based on her race (Black) and her age to Danville's Human Resources department, Danville's Human Relations department the EEOC and the IDHR.  Plaintiff first reported to the EEOC and IDHR in or around March 2017.

**ANSWER:**  Defendants admit that plaintiff engaged in protected activity by filing charges of discrimination based on race and age to the EEEOC and IDHR but deny that

her internal complaints alleged race or age discrimination.

40.     Specifically, Plaintiff was subjected to materially different terms and conditions of employment based on her race and/or age, including but not limited to, having some of her job duties removed; not being given information necessary to perform her job duties; not being talked to, and having her requests for time off denied. In addition, Plaintiff was suspended for unjustified reasons.

**ANSWER:**   Denied.

41.     Director Schnelle also preferred to have his administrative work performed by an assistant outside the EUS.   Director Schnelle's preferred assistant was less experienced and less qualified than Plaintiff and outside of the protected classes in that she was, among other things, not Black and substantially younger than Plaintiff.

**ANSWER:**   Denied.

42.     Plaintiff repeatedly complained to Danville about the different terms and conditions of her employment to no avail.

**ANSWER:**   Defendants admit that plaintiff complained to Danville but deny the remaining allegations in paragraph 42.

43.     Since filing Charges of Discrimination, Plaintiff was further subjected to different terms and conditions of employment, including being directed not to seek assistance from or communicate with any employees and being disciplined unjustifiably.

**ANSWER:**   Denied.

44.     On February 27, 2018, Mayor Eisenhauer and Director Schnelle met,

9

conferred and decided to terminate Plaintiff based on her alleged "misconduct" at work.

**ANSWER:**  Defendants admit that Mayor Eisenhauer and Director Schnelle terminated plaintiff on February 27, 2018. The remaining allegations are denied.

45.  In terminating Plaintiff, Defendants departed and deviated substantially from stated City policies and the Collective Bargaining Agreement.

**ANSWER:**  Denied.

46.  The reasons given by Mayor Eisenhauer and Director Schnelle for terminating Plaintiff were pretexts for unlawful discrimination and retaliation.

**ANSWER:**  Denied.

47.  Mayor Eisenhauer and Director Schnelle did not honestly believe the reasons they gave for terminating Plaintiff.

**ANSWER:**  Denied.

48.  On or about October 10, 2018, an Arbitrator ruled there were no reasonable grounds for termination and Danville was ordered to reinstate Plaintiff.

**ANSWER:**  Admitted.

49.  On or about October 22, 2018, Plaintiff was reinstated to the Danville Police Department reporting to Director Thomason.

**ANSWER:**  Admitted.

50.  Since she returned to work, Director Thomason subjected Plaintiff to further retaliation by, among other ways, setting her up to fail and making it impossible for her to succeed by refusing to communicate with her in material ways, refusing to provide her with a job description so she would know what was

expected, denying her access to files and folders and failing to provide training, among other ways.

**ANSWER:** Denied.

51. In November 2018, Mayor Eisenhauer resigned and Mayor Williams became the Acting Mayor.

**ANSWER:** Admitted.

52. Plaintiff reported Director Thomason's retaliation directly to Acting Mayor Williams who, for months, permitted and enabled the retaliation to continue by ignoring, disregarding and taking no action to protect Plaintiff or stop her from being subjected to retaliation, among other ways.

**ANSWER:** Defendants admit that plaintiff brought a complaint to Mayor Williams but deny the remaining allegations in paragraph 52.

53. In April 2019, Director Schnelle resigned. Director Thomason also ultimately resigned.

**ANSWER:** Defendants deny that Directors Schnelle and Thomason resigned, they retired.

54. On or about September 17, 2019, the EEOC issued a reasonable cause determination stating that the evidence obtained in the investigation establishes reasonable cause to believe that Danville discriminated against Plaintiff because of her race, Black, by subjecting her to harassment and different terms and conditions of employment, and in retaliation for engaging in protected activity by further subjecting her to different terms and conditions of employment, and by disciplining and

discharging her, in violation of Title VII.

**ANSWER:**   Admitted.

55.   The actions of each and all Defendants in intentionally engaging in and condoning the discrimination and retaliation against Plaintiff caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other damages.

**ANSWER:**   Denied.

### Count I
### (Violation of Title VII of the Civil Rights Act of 1964)

1-55.   Plaintiff incorporates by reference paragraphs 1-55 as if fully stated herein.

**ANSWER:**   Defendants restate their answers to paragraphs 1 to 55 for their answer to this paragraph of Count I as though fully set forth herein.

56.   In direct violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.,* Danville engaged in the discriminatory acts alleged herein and arising out of, and related to, the Charges of Discrimination attached as Exhibit 1.

**ANSWER:**   Denied.

57.   As a result of Danville's discriminatory conduct, Plaintiff suffered injury to her career, as well as other injuries for which she is entitled to actual and compensatory damages, as well as equitable relief including front pay.

**ANSWER:**   Denied.

58.   Danville's discriminatory conduct was done with malice and/or with

reckless indifference to Plaintiffs rights.

**ANSWER:**   Denied.

WHEREFORE, defendant City of Danville denies that it is liable to plaintiff and prays that Count I of plaintiff's complaint be dismissed with costs assessed against plaintiff.

## Count II
### (Violation of Title VII of the Civil Rights Act of 1964 - Retaliation)

1-58.   Plaintiff incorporates by reference paragraphs 1-58 as if fully stated herein.

**ANSWER:**   Defendants restate their answers to paragraphs 1 to 58 for their answer to the above paragraph of Count II as though fully set forth herein.

59.   Based upon, the foregoing facts, as well as others, Plaintiff was subjected to unlawful employment actions in retaliation for engaging in protected activity by, among other ways, reporting and/or opposing unlawful race discrimination and harassment.

**ANSWER:**   Denied.

60.   In direct violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.,* Danville  retaliated against Plaintiff for engaging in protected activity by, among other ways, reporting and/or opposing unlawful race discrimination and harassment.

**ANSWER:**   Denied.

61.   As a result of Danville's retaliatory conduct, Plaintiff has suffered injury

to her career, as well as other injuries for which she is entitled to actual and compensatory damages, as well as equitable relief including front pay.

**ANSWER:**    Denied.

62.    Danville's discriminatory conduct was done with malice and/or with reckless indifference to Plaintiffs rights.

**ANSWER:**    Denied.

WHEREFORE, defendant City of Danville denies that it is liable to plaintiff and prays that Count II of plaintiff's complaint be dismissed with costs assessed against plaintiff.

## Count III
### (42 U.S.C. § 1983– First Amendment Retaliation)

1-62.   Plaintiff incorporates by reference paragraphs 1-62 as if fully stated herein against all Defendants.

**ANSWER:**    Defendants restate their answers to paragraphs 1-62 for their answer to the above paragraph of Count III as though fully set forth herein.

63.    The First and Fourteenth Amendments of the United States Constitution protect public employees from retaliation.

**ANSWER:**    Defendants admit the existence of those Amendments but deny violating same.

64.    During the relevant time period, Plaintiff engaged in First Amendment protected activity, among other ways, by speaking out as a citizen on matters of public concern that Defendants opposed.

**ANSWER:**  Denied.

65.  During the relevant time period, Defendants intentionally retaliated against Plaintiff for engaging in First Amendment protected activity.

**ANSWER:**  Denied.

66.  The actions of each and all Defendants reflect an official act, policy, custom, or pattern of official conduct of engaging in and condoning retaliation.

**ANSWER:**  Denied.

67.  During the relevant time period, Mayor Eisenhauer was a final policymaker for Danville and had final policy making authority.

**ANSWER:**  Denied.

68.  During the relevant time period, Mayor Eisenhauer delegated to Director Schnelle and Director Thomason final policymaking authority as it relates to the conduct alleged herein.

**ANSWER:**  Denied.

69.  During the relevant time period, Mayor Williams was a final policymaker for Danville and had final policy making authority.

**ANSWER:**  Denied.

70. During the relevant time period, Mayor Williams delegated to Director Thomason final policymaking authority as it relates to the conduct alleged herein.

**ANSWER:**  Denied.

71.  Defendants are responsible for the acts of their staff, who were acting within the scope of their employment, and pursuant to a policy, custom, and/or

practice of retaliation and violations of individuals' rights under the Fourteenth Amendment to the Constitution of the United States.

**ANSWER:**   Denied.

72.   Defendants' conduct was pursuant to a policy and practice of retaliation by its employees and supervisors and with the knowledge and acquiescence of Defendants, Defendants' staff, and Defendants' supervisory officials.

**ANSWER:**   Denied.

73.   Each and all Defendants knew and should have known that Plaintiff was being subjected to retaliation for engaging in protected activity.

**ANSWER:**   Denied.

74.   Despite this, Defendants failed to take any effective remedial action, and turned a blind eye to the retaliation.

**ANSWER:**   Denied.

75.   Each and all Defendants' action violated Plaintiff's right to be free from retaliation under the First and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

**ANSWER:**   Denied.

76.   Each and all Defendants subjected Plaintiff to unlawful retaliatory acts in violation of her rights under the United States Constitution.

**ANSWER:**   Denied.

77.   The actions of each and all Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. §

1983 and the Civil Rights Act of 1991.

**ANSWER:**   Denied.

WHEREFORE, defendants deny that they are liable to plaintiff and pray that Count III of plaintiff's complaint be dismissed with costs assessed against plaintiff.

## Count IV
## (42 U.S.C. § 1983 Equal Protection- Race Discrimination)

78.   Plaintiff incorporates by reference paragraphs 1-77 as if fully stated herein against all Defendants.

**ANSWER:**   Defendants restate their answers to paragraphs 1 to 77 for their answer to the above paragraph of Count IV as though fully set forth herein.

79.   Each and all Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment on the basis of her race and by knowingly refusing to protect her from the discrimination.

**ANSWER:**   Denied.

80.   The actions of each and all Defendants reflect a policy, custom, or pattern of official conduct of engaging in and condoning discrimination on the basis of race.

**ANSWER:**   Denied.

81.   Each and all Defendants knew and should have known that Plaintiff was being subjected to discrimination on the basis of her race. Despite this, they failed to take any effective remedial action, and turned a blind eye to the discrimination.

**ANSWER:**  Denied.

82.  Each and all Defendants' actions violated Plaintiff's equal protection right to be free from racial discrimination under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

**ANSWER:**  Denied.

83.  Each and all Defendants subjected Plaintiff to an unlawful and discriminatory treatment in violation of her equal protection rights under the United States Constitution.

**ANSWER:**  Denied.

84.  The actions of each and all Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

**ANSWER:**  Denied.

WHEREFORE, defendants deny that they are liable to plaintiff and pray that Count IV of plaintiff's complaint be dismissed with costs assessed against plaintiff.

### Count V
### (Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621)

85.  Plaintiff incorporates by reference paragraphs 1-84 as if fully stated herein against Danville.

**ANSWER:**  Defendant City of Danville restates its answers to paragraphs 1 to 84 for their answer to the above paragraph of Count V as though fully set forth herein.

86.     Plaintiff brings this claim pursuant to Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.,* ("ADEA").

**ANSWER:**     Defendant admits the existence of the statute cited but denies violating same.

87.     During the relevant time period, Plaintiff was a person protected by the provisions of the ADEA.

**ANSWER:**     Admitted.

88.     During the relevant time period, Danville operated and did business within the venue and jurisdiction of this judicial circuit and is an employer under the ADEA.

**ANSWER:**     Admitted.

89.     In direct violation of the ADEA, Danville engaged in the discriminatory acts alleged herein and described in the Charges of Discrimination attached as Exhibit 1.

**ANSWER:**     Denied.

90.     As a result of Danville's discriminatory conduct, Plaintiff has suffered injury to her career as well as other injuries for which she is entitled to damages and equitable relief including front pay.

**ANSWER:**     Denied.

91.     Danville's discriminatory conduct, was done intentionally with malice and/or with reckless indifference to Plaintiffs rights.

**ANSWER:**     Denied.

WHEREFORE, defendant City of Danville denies that it is liable to plaintiff and prays that Count V of plaintiff's complaint be dismissed with costs assessed against plaintiff.

### Count VI
### (Violation of the Age Discrimination in Employment Act– Retaliation)

1-91.   Plaintiff incorporates by reference paragraphs 1-91 as if fully stated herein.

**ANSWER:**   Defendant City of Danville restates its answers to paragraphs 1 to 91 for its answer to the above paragraph of Count VI as though fully set forth herein.

92.   Based upon, the foregoing facts, as well as others, Plaintiff was subjected to unlawful employment actions in retaliation for engaging in protected activity by, among other ways, reporting and/or opposing unlawful age discrimination at work.

**ANSWER:**   Denied.

93.   In direct violation of the ADEA, Danville retaliated against Plaintiff for engaging in protected activity by, among other ways, reporting and/or opposing unlawful age discrimination.

**ANSWER:**   Denied.

94.   As a result of Danville's retaliatory conduct, Plaintiff has suffered injury to her career, as well as other injuries for which she is entitled to damages and equitable relief, including front pay.

**ANSWER:**   Denied.

95.   Danville's discriminatory conduct was done with malice and/or with reckless indifference to Plaintiffs rights.

**ANSWER:**   Denied.

WHEREFORE, defendant City of Danville denies that it is liable to plaintiff and prays that Count VI of plaintiff's complaint be dismissed with costs assessed against plaintiff.

## AFFIRMATIVE DEFENSES

Defendants, City of Danville, Scott Eisenhauer, Robert David Schnelle, Rickey Williams, and Larry Thomason, by their attorney, for their affirmative defenses to the Complaint of plaintiff Lisa Robinson, state as follows:

### First Affirmative Defense

Plaintiff failed to state a claim for relief that is plausible on its face when she provided only conclusory legal statements and abstract recitations of the elements of a cause of action which are insufficient to state a proper claim.  *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010); Fed.R.Civ.P. 12(b)(6).

### Second Affirmative Defense

Defendant City of Danville cannot be liable under  Title  VII and the ADEA for  any alleged conduct which occurred more than 300 days before plaintiff filed her charge of discrimination with the EEOC.  *E.E.O.C. v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 970 (7th Cir. 1996).

### Third Affirmative Defense

The individual defendants are entitled to qualified immunity for the claims brought against them.

### Fourth Affirmative Defense

Plaintiff's First Amendment claim is barred by *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006), to the extent her claim is based on her official duties.

### Fifth Affirmative Defense

The City is immune from liability regarding the payment of punitive damages for plaintiff's claims. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 2762 (1981).

### Sixth Affirmative Defense

In the event that any of the allegations of unlawful conduct contained in the complaint are found to have merit, defendants would have made the same decisions irrespective of plaintiff's legally protected status.

### Seventh Affirmative Defense

In the event that any of the allegations of unlawful conduct contained in the complaint are found to have merit, the City took prompt and effective action reasonably calculated to remedy any such acts and has no liability for them.

Respectfully submitted,


**CITY OF DANVILLE, SCOTT EISENHAUER, ROBERT DAVID SCHNELLE, RICKEY WILLIAMS, and LARRY THOMASON**


By:   */s/Julie A. Bruch*_____
Attorney for Defendants


Julie A. Bruch, #6215813
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, #475
Northbrook, Illinois 60062
Telephone:  847-291-0200
Facsimile:  847-291-9230
jbruch@okgc.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

LISA ROBINSON,             )
                        )
      Plaintiff,        )      Case No. 20-CV-02046-CSB-EIL
                        )
CITY OF DANVILLE, a municipal body, )
SCOTT EISENHAUER, in his individual and )
official capacity, DAVID SCHNELLE, in his )
individual and official capacity, RICKEY )
WILLIAMS, in his individual and official )
capacity, and LARRY THOMASON, in his )
individual and official capacity,    )
                        )
      Defendants.     )

**CERTIFICATE OF SERVICE**

       I hereby certify that on April 27, 2020 I electronically filed Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint with the Clerk of Court using the CM/ECF system and will send notification of such filing to the following registered CM/ECF participant(s):

Jeffrey R Kulwin
KULWIN MASCIOPINTO & KULWIN LLP
jkulwin@kmklawllp.com

                                   **CITY OF DANVILLE, SCOTT EISENHAUER, ROBERT DAVID SCHNELLE, RICKEY WILLIAMS, and LARRY THOMASON**

                        By:     *s/Julie A. Bruch*

Julie A. Bruch, #6215813
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, #475
Northbrook, Illinois 60062
Telephone:  847-291-0200
Facsimile:  847-291-9230
jbruch@okgc.com